FILED
2020 Aug-07 PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MonDee Fletcher, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Franklin Collection Service, Inc., a Mississippi corporation, | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, MonDee Fletcher, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3.   Plaintiff, MonDee Fletcher ("Fletcher"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for medical services to Huntsville Emergency Physicians.

4.   Defendant, Franklin Collection Service, Inc. ("Franklin"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Franklin operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant Franklin was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant Franklin is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant Franklin conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including debts she allegedly owed for medical services to Huntsville Emergency Physicians. Defendant Franklin attempted to collect these debts from her via negative credit reports. Unsure of the debts and unsure about Franklin, Ms. Fletcher consulted with counsel about her debt issues and the debts that Franklin was trying to collect.

7. Accordingly, Ms. Fletcher's attorney wrote to Defendant Franklin, via letters dated May 27, 2020 and May 29, 2020, to dispute the debts that Franklin was trying to collect. Copies of these letters are attached as Group Exhibit B.

8. On July 27, 2020, Ms. Fletcher obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant Franklin had continued to report the debts she allegedly owed to Huntsville Emergency Physicians, but had failed to note that the debts were disputed. The pertinent parts of Ms. Fletcher's TransUnion and Experian credit reports are attached as Group Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, those debts on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting those debts on Plaintiff's credit report, that they were disputed, made it appear to Plaintiff that she did not actually have the right to dispute those debts. Defendant's collection actions alarmed, confused and distressed Ms. Fletcher and impacted her credit score.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debts to the credit reporting agencies, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, MonDee Fletcher, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Fletcher, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, MonDee Fletcher, demands trial by jury.

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus
One of Plaintiff's Attorneys

Dated: August 7, 2020

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com